## LAWLER v. MATSON NAV. CO. et al.

### No. 26127.

United States District Court
N. D. California, S. D.

Dec. 18, 1952.

Gladstein, Andersen, & Leonard, San Francisco, Cal., for libelant.

Brobeck, Phleger & Harrison, San Francisco, Cal., for respondents.

ROCHE, Chief Judge.

This is an action for maintenance and cure. There is no question that libelant suffered injuries that incapacitated him for a period of time. The only issue before the court is whether, at the time he was so injured, libelant was in the service of the ship. The facts disclosed by the record, which included no testimony except libelant's deposition are as follows.

Libelant was employed as a waiter on respondent's vessel, the S. S. Lurline, under articles that terminated at San Francisco, California, on May 11, 1952. On May 9th, while still at sea, libelant signed new articles for a round-trip voyage from San Francisco to Honolulu. This voyage was subsequently cancelled because of a strike but libelant's rights, if any, were not thereby affected. It was libelant's testimony that it was customary on the coastwise vessels to sign articles at sea for the ensuing voyage; that in the instant case the articles in effect on May 9th terminated at noon

on May 11th and the new articles became effective immediately; that some members of the stewards department had to work on the 11th but, by custom, the members whose home port was San Francisco did not; that they were free to go ashore; and that they all had to be on board for fire and boat drill on the morning of the 12th. The Lurline docked around nine o'clock on the morning of May 11th and by ten o'clock the libelant was ashore. He was injured in an automobile accident while driving from his home to Calistoga between eleven o'clock and noon.

■■ The duty of the shipowner to furnish maintenance and cure exists in the seaman's home port as well as in a foreign port if he is in the service of the ship at the time he falls ill or is injured and his injury is not due to his wilful act, default or misbehaviour. This was clearly stated by Mr. Justice Story a hundred and twenty years ago in Reed v. Canfield, C.C., Fed.Case No. 11, 641. Subsequent decisions have given the term "in the service of the ship" an even broader construction. In 1948 the Court of Appeals for the Fourth Circuit allowed maintenance and cure to a seaman injured while leaving the home of a friend in his home port. Smith v. United States, 4 Cir., 167 F.2d 550. The seaman had requested shore leave for the purpose of going to his home to obtain some belongings to take with him on the voyage. After leaving his home he went to that of a friend where he spent the night. He suffered his injury the next morning. The district court had denied relief on the ground that the libelant's visit to his friend bore no relation to his declared purpose in obtaining shore leave. In reversing the district court the court of appeals declared that this was not a valid ground for denying relief since there was no effort to limit his movement ashore when the leave was granted.

In 1951 the Supreme Court held a seaman entitled to maintenance and cure for injuries resulting from a fall from a dance hall balcony while he was on shore leave in Naples. Warren v. United States, 340 U.S. 523, 71 S.Ct. 432, 95 L.Ed. 503.

The most recent case on this point appears to be Hunt v. Trawler Brighton Inc., 102 F.Supp. 300, 301, a decision of the United States District Court, District of Massachusetts. Libelant in this case worked on a fishing trawler which customarily tied up at the home port dock for forty-eight hours between trips. The men serving on her were not under articles, their continued service being assumed unless they were discharged or voluntarily quit. Libelant was injured while leaving his house to go to a restaurant. The court, in granting maintenance and cure, declared, "There is no doubt that libelant was, at the time of his injury, a seaman and a member of the crew of the trawler Brighton. * * * The right to maintenance and cure is not determined by what the seaman is doing when he receives his injury. It is only required that he be in the service of the ship in the sense of being generally answerable to the call of duty."

In the case now before the court there is no question that libelant was a member of the crew of the Lurline and generally answerable to the call of duty at the time he was injured. In view of the foregoing authorities, therefore, the court is persuaded that libelant is entitled to maintenance and cure. It is therefore by the court

Ordered that there be entered herein, upon findings of fact and conclusions of law, a decree in favor of libelant and against respondent for maintenance and cure in the sum of $544 and that libelant recover his costs.